VRP:\COLLECT\GRECO\MOSJ.WPD

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA           :

            v.                    :           Civil Action No. 02-3205

FRANCINE GRECO                     :

## ORDER

    AND NOW, this        day of                    , 2002, and upon consideration of the United States' Motion for Summary Judgment and Memorandum of Law and Exhibits in support thereof, and, there being no material issue of fact, and the United States being entitled to judgment as a matter of law for the defendant's default on her Health Education Assistance (HEAL) loans, it is hereby ORDERED that the motion is GRANTED pursuant to Rule 56 of the Federal Rules of Civil Procedure.  It is further ORDERED that, the amount of the government's claim being determined, judgment be and the same is entered in favor of the United States and against the defendant, Francine Greco, in the amount of $37,141.12 through August 8, 2002, plus interest thereafter until judgment is entered at the daily rate of $4.89 as set forth in the complaint and exhibits, together with interest on the judgment at the legal rate and costs of this action.

                         BY THE COURT:


_____
PETRESE B. TUCKER
*Judge, United States District Court*

VRP:\COLLECT\GRECO\MOSJ.WPD

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Civil Action No. 02-3205 |
| | : | |
| FRANCINE GRECO | : | |

### **PLAINTIFF'S  MOTION FOR SUMMARY JUDGMENT**

The United States of America, by its undersigned counsel, on behalf of the United States Department of Health and Human Services, moves pursuant to Fed.R.Civ.P. 56 for Summary Judgment in its favor, and in support of this motion represents that:

1.      There are no genuine issues of material fact.

2.      The United States is entitled to judgment in its favor as a matter of law.

3.      There is now due and owing from the defendant, Francine Greco, to the United States $37,141.12 , with prejudgement interest from August 8, 2002 until entry of the judgment at the daily rate of $4.89, and interest on the judgment at the legal rate.

A Memorandum of Law in support of this Motion, together with Exhibits, is attached hereto and incorporated herein by reference.

VRP:\COLLECT\GRECO\MOSJ.WPD

WHEREFORE, the United States demands judgment in its favor as set forth above, costs

and other relief as the court may deem proper.

Respectfully submitted,

PATRICK L. MEEHAN
United States Attorney


_____

JAMES G. SHEEHAN
Assistant United States Attorney
Chief, Civil Division


_____

VIRGINIA R. POWEL
Assistant United States Attorney
Attorney I.D. 32230
Counsel for Plaintiff

2

VRP:\COLLECT\GRECO\MOSJ.WPD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA            :

              v.                    :        Civil Action No. 02-3205

FRANCINE GRECO                      :

### MEMORANDUM OF LAW IN SUPPORT OF
### PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

## I.  PRELIMINARY STATEMENT

This memorandum of law is submitted in support of the government's Motion for Summary Judgment.

## II.  FACTS

As a student at Palmer College of Chiropractic-West, the defendant, Francine Greco, applied for and received a number of Health Education Assistance (HEAL) Loans under Sections 701-720 of the Public Health Service Act, 42 U.S.C. §§ 292f-p.[1]  In all, Greco obtained five HEAL loans at variable rates, for which she signed promissory notes as follows:

| Date Applied | Date Approved | Amount Approved | Date of Prom. Note | Amt. Of Prom. Note |
|---|---|---|---|---|
| 05/29/86 | 06/10/86 | $ 7,568.00 | 07/07/86 | $ 7,568.00 |
| 12/08/86 | 01/07/87 | $ 3,510.00 | 01/20/87 | $ 3,510.00 |
| 02/01/88 | 03/08/88 | $ 6,135.00 | 02/29/88 | $ 6,135.00 |
| 06/21/88 | 07/05/88 | $ 4,110.00 | 06/03/88 | $ 4,110.00 |
| 10/31/88 | 11/07/88 | $ 2,830.00 | 10/31/88 | $ 2,830.00 |
| **TOTAL** | | **$24,153.00** | | **$24,153.00** |

---

[1]  This provision has been amended and is now found at 42 U.S.C. § 294f-p.

VRP:\COLLECT\GRECO\MOSJ.WPD

Compl. ¶3, Exhibit A (Certificate of Indebtedness by Barry Blum dated May 9, 2002 and attached as Exhibit A to the Complaint).[2]  Each loan became due and payable the first day of the tenth month after ceasing to be a full-time student or completing a residency program. (Govt. Exhibit A).   Dr. Greco was originally required to commence repayment of the loans beginning July 11, 1986, but was granted forbearance for the period of May 1, 1990 to August 29, 1991. Thereafter, from September 18, 1991 through August 9, 1999, Dr. Greco made payments totaling $26,091.54 to the lender, the Student Loan Marketing Association (SLMA).  (Govt. Exhibit B, Affidavit of Barry M. Blum dated August 8, 2002 ¶3, Tab A).

On September 13, 1999, Dr. Greco filed a Chapter 7 petition in the United States Bankruptcy Court for the Eastern District of Pennsylvania at No. 99-31544 DAS, and on March 17, 2000, filed an adversary complaint (Adversary No. 00-0206) seeking to discharge all of her student loans including her HEAL loans.   SLMA then filed an insurance claim with the Department of Health and Human Services (DHHS) on April 5, 2000.  DHHS paid the claim of $31,789.00 on April 13, 2000. Govt. Exhibit A.

DHHS then received assignments of the notes and defended the adversary complaint opposing the discharge of the government held HEAL loans under 42 U.S.C. § 292f(g).[3]  After trial, the bankruptcy court determined that the HEAL loans were not dischargeable in bankruptcy.

---

[2]  The Certificate of Indebtedness attached as Govt. Exhibit A to the complaint is the declaration, under penalty of perjury, of Barry Blum, Chief, Referral Control Section, Debt Management Branch of the United States Department of Health and Human Services.

[3]  Under 42 U.S.C. § 292f(g), HEAL loans are not dischargeable in bankruptcy absent an affirmative finding by the Bankruptcy Court that it would be unconscionable not to discharge the loans.

2

VRP:\COLLECT\GRECO\MOSJ.WPD

<u>Greco v. Sallie Mae, et. al.</u> 251 B.R. 670, 677-78 (Bankr.E.D.Pa.2000).[4]

The DHSS received a Treasury Offset Payment of $288.25 on November 16, 2001 but has received no other payment, either voluntary or involuntary, since taking assignment of the notes. Accordingly, the United States filed the instant civil action. Defendant Francine Greco owes $37,141.12 ($36,654.84 principal plus $576.28 interest) as of August 8, 2002. Govt. Exhibit B, ¶4. Interest continues to accrue until the entry of judgment at the daily rate of $4.89. (Govt. Exhibit A).

For the reasons set forth below, the United States now requests that judgment be entered in its favor on its claim.

## III.    <u>ARGUMENT</u>

### A.    <u>The Summary Judgment Standard</u>

The United States moves this Court for summary judgment pursuant to Rule 56(a) and (c), Fed.R.Civ.P.. Rule 56(c) provides in pertinent part:

> The [summary] judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The applicable standard provides that "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no <u>genuine</u> issues of <u>material</u> fact." <u>Anderson v.</u>

---

[4]    The Court's attention is respectfully directed to the reported opinion for a full recitation of the facts and holdings of the case, which are applicable under the doctrine of <u>res judicata</u>.

VRP:\COLLECT\GRECO\MOSJ.WPD

Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (Emphasis in original).  When presented with a

summary judgment motion, "the inferences to be drawn from the underlying facts. . . must be

viewed in the light most favorable to the party opposing the motion."  Matsushita Elec. Indus.

Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  Factual disputes that are irrelevant or

unnecessary will not be counted.  Anderson, 477 U.S. at 248.  The Court must turn to the

substantive law in determining which facts are material.  Id.  In addition, the moving party is not

required to support its motion with materials negating the opponent's claim.  Celotex Corp. v.

Catrett, 477 U.S. 317 (1986).  Rather, where the nonmoving party bears an ultimate burden at

trial, it must establish the essential factors of its case in order to avoid summary judgment.  Id.  If

the nonmoving party cannot muster sufficient evidence to make out a triable issue of fact, a trial

is useless and the moving party is entitled to summary judgment.  Matsushita Elec., 475 U.S. at

586.

> **B.**     **Statutory and Regulatory Background**

The Health Education Assistance Program is currently codified at Sections  701-

20 of the Public Health Service Act, 42 U.S.C.§§ 292-292p. The accompanying regulations are

set forth at 42 C.F.R. Part 60. The HEAL Program was established by the Health Professions

Educational Assistance Act of 1976, Pub. L. 94-484 and became effective in Fiscal Year 1978.

This insured loan program for health professions students was patterned after the Office of

Education's Guaranteed Student Loan (GSL) Program. The HEAL program is a federally insured

loan program using private lending institutions to make loans to students in health professions

schools. It was enacted to meet the needs of health professions students for substantially higher

4

VRP:\COLLECT\GRECO\MOSJ.WPD

loan ceilings than in the GSL program to reflect the high cost of health professions education.

Under the HEAL program, the United States guarantees 100% of the lender's loss in principal

and interest in the event of default by the borrower in repayment.  The borrower has 25 years,

excluding any deferment or forbearance periods, to repay the HEAL loans.  Under the HEAL

statute and regulations, in the event of default by the borrower,  the United States is put into the

shoes of the lender through subrogation after paying the lender's claim and receiving an

assignment of the note or judgment on the claim from the lender.

      **C.**      **Plaintiff Is Entitled to Judgment in its Favor on Unpaid**
                **Balance Due under the Defaulted Heal Loans**

As set forth in the statement of facts above and the attached exhibits, the government has

established that Dr. Greco applied for and received five HEAL loans.  After completion of her

residency programs and approved periods of forbearance, Greco was required to pay back the

HEAL loans. She subsequently defaulted on repayment of the loans.  DHHS was forced to pay

the insurance claim submitted by the guarantee lenders, thereby acquiring the right to collect on

the defaulted loans.  Dr. Greco now owes a total of $37,141.12  as of August 8, 2002 with

additional pre-judgment interest at the daily rate of $4.89.

In her Answer, Dr. Greco has neither alleged nor submitted an affidavit setting forth any

facts detailing any uncredited payments toward the debt but merely states that "it is impossible to

account for the actual indebtedness" and that she has not been provided with "an accounting or

explanation as to how the payments [she alleges to have made] have been applied." (Answer, ¶¶

4 and 5).  The defendant admits the she applied for and did receive the HEAL loans and does not

deny liability for repayment. Defendant does not allege that the government failed to credit any

VRP:\COLLECT\GRECO\MOSJ.WPD

specific payments, has misstated the amount of principal, has used an improper interest rate or method, or any specific error by the government in calculating the debt. Attached as Govt. Exhibit B, Tab A is a complete accounting of all payments received from Dr. Greco and applied by SLMA to the debt balance prior to assignment of the HEAL notes to the United States. Govt. Exhibit B, Tab B accounts for every payment received by DHHS since accepting the assignment of the HEAL notes. Together, Govt. Exhibit B, Tabs A and B disclose how interest was applied to Dr. Greco's account and how every payment received, either voluntarily or by offset, was credited. Accordingly, the amount of the debt, as set forth in Govt. Exhibits A and B, is determined and uncontested.

Dr. Greco, now owes a total of $37,141.12 as of August 8, 2002 with additional pre-judgment interest at the daily rate of $4.29. The United States, having met its burden of proof is entitled to judgment in its favor. See, United States v. Makler, 2000 WL 113793 (E.D.Pa. Aug. 11, 2000); United States v. Collins, 1993 WL 52103, *2 (E.D.Pa. Feb. 24, 1993); United States v. Brooks, 1998 WL 32568, *1-2 (E.D.Pa. Jan. 29, 1998) (Sworn Certificate of Indebtedness or affidavit from individual responsible for the maintenance and custody of official records attesting to amount of debt and lack of payments is sufficient to meet government's burden of proof).

The government has met its burden that no genuine issues of fact exist. In the absence of proof by the defendant that a different sum is owed, summary judgment for the United States is appropriate. United States v. Collins, 1993 WL 52103, *2 (E.D.Pa.). In Collins, a case on all fours, the defendant also rested on conclusory allegations. The Collins court, in determining that no genuine issue of fact was raised by the defendant, noted:

6

VRP:\COLLECT\GRECO\MOSJ.WPD

> In this regard, the Court notes that the defendant has not come
> forward to demonstrate that there are specific facts in question
> which would require a trial. The defendant has never denied
> receiving the loans or signing the promissory note. Moreover, all
> of the defendant's submissions to this Court, as well as her
> personal affidavit, are absent any statement that she made
> payments on the loan. In the absence of any affirmative showing
> on these questions which might raise genuine issues of material
> fact for trial, the defendant leaves this Court no alternative but to
> grant the government's Motion for Summary Judgment.

United States v. Collins, 1993 WL 52103 *2.

Dr. Greco has failed to identify any uncredited payments and has submitted no proof of payment such as cancelled checks or other evidence, nor has she stated how much she believes to be due and owing. Accordingly, no genuine issue of material facts exists which would preclude the entry of summary judgment in favor of the United States. Therefore, summary judgment for the United States in the amount of $37,141.12 plus interest is appropriate.

IV.    CONCLUSION

Wherefore, for all the foregoing reasons, the plaintiff requests that judgment be entered in favor of the United States and against the defendant, Francine Greco, in the amount of $37,141.12 through August 8, 2002, plus interest thereafter until judgment is entered at the daily

VRP:\COLLECT\GRECO\MOSJ.WPD

rate of $4.89 with interest on the judgment at the legal rate, costs and other proper relief.

Respectfully submitted,

PATRICK L. MEEHAN
United States Attorney


_____

JAMES G. SHEEHAN
Assistant United States Attorney
Chief, Civil Division


_____

VIRGINIA R. POWEL
Assistant United States Attorney
Attorney I.D. No. 32230

VRP:\COLLECT\GRECO\MOSJ.WPD

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify a true and correct copy of the foregoing was served upon defendant's counsel, by depositing same in the United States mails, postage prepaid on October 29, 2002, addressed to:

> Kenneth W. Richmond, Esquire
> 2019 Walnut Street
> Philadelphia PA,19103

_____
VIRGINIA R. POWEL
Assistant United States Attorney
Attorney I.D. 32230